IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Windell Porterfield, | ) C/A No. 0:10-1488-HMH-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Warden Michael McCall; Warden Florence Mauney; Lt. Blackwell; Officer Lindsey, | ) |
| Defendants. | ) |

The plaintiff, Ronald Windell Porterfield ("Porterfield"), a self-represented inmate of the South Carolina Department of Corrections ("SCDC"), filed this action against the defendants alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 20.) Porterfield filed a response in opposition. (ECF No. 22.) The defendants filed a reply (ECF No. 23) and Porterfield filed a sur-reply (ECF No. 24).[1] Having carefully considered the parties' submissions and the record in this case, the court concludes that the defendants' motion must be granted.

---

[1] The court observes that the Local Rules make no provision for sur-replies. Under Local Civil Rule 7.07 DSC, even "[r]eplies to responses are discouraged." The court therefore finds that Porterfield's additional filing in response to the defendants' motion is not properly before the court. However, even considering Porterfield's sur-reply, the defendants are entitled to dismissal.

## BACKGROUND

Porterfield essentially alleges that the defendants have mistreated, harassed, and threatened him in retaliation for Porterfield's prior complaints and a prior lawsuit. For the purposes of this motion to dismiss, the court has accepted as true all of the factual allegations contained in Porterfield's Complaint, and the following facts appear pertinent to the resolution of the defendants' motion.

Porterfield was previously confined at Perry Correctional Institution ("PCI") where he filed several complaints against various staff members, including a civil lawsuit, Civil Action No. 9:02-1070-HMH, relating to an alleged assault that occurred in March 2002. (Compl., ECF No. 1 at 3.) Porterfield was recently transferred back to PCI.

Porterfield filed a "harassment complaint and grievance" on January 7, 2010, alleging that staff members were retaliating against him due to his prior civil action by strip searching him repeatedly and searching his cell with the intent to ransack his legal documents. (Id. at 3-4.) He states that he also complained that he was improperly placed in isolation on January 7, 2010 due to a false accusation. After contacting the Division of Investigation of SCDC, Porterfield was returned to general population on January 27, 2010. (Id. at 4.)

On or about April 30, 2010, Porterfield and Defendant Lindsey exchanged "harsh words," including taunting and physical threats by Lindsey directed at Porterfield. (Id. at 3.) Porterfield asserts that Defendant Lindsey referenced complaints that Porterfield had filed against staff members when he was previously housed at PCI. (Id.) Porterfield reported to the wardens and the head investigating personnel that he was being harassed and threatened with mistreatment. Porterfield requested removal from PCI, alleging that the persons whom he filed the civil complaint against in

2002 are now in supervisory positions and are striking out against him through employees under their supervision. (Id.)

On April 27, 2010, Porterfield was moved out of his housing unit without being provided a reason. Upon searching his new cell the next day, security personnel allegedly found a homemade knife inside Porterfield's wall locker. As a result, Porterfield was placed in the Special Management Unit ("SMU") for six months. Prior to taking him to SMU, Porterfield states that Defendant Blackwell and another employee who is not associated with this civil action stated to him, "[W]elcome back to Perry[;] we now can finish where we left off." (Id. at 4.)

Additionally, Porterfield contends that the wardens, Defendants McCall and Mauney, failed to act when he notified them that he was being threatened and harassed by other inmates and when he informed them that he was "framed with a weapon inside his locker" on April 27, 2010. (Id. at 4; see also id. at 5.) Porterfield's Complaint also includes allegations (1) that the mental health employees failed to respond to Porterfield's complaints of lost sleep and paranoia due to Defendant Lindsey's serving him food that Lindsey threatened to alter with rat poison; (2) that in retaliation for his prior civil action the grievance personnel failed to process his grievance dated May 10, 2010 concerning Defendant Lindsey based on Porterfield's misidentification of Lindsey as "Lenney"; and (3) PCI's "Head Investigator Mr. Shuggart" failed to respond to his complaints of harassment and threats. (Id. at 5-6.)

## DISCUSSION

**A.     Motion to Dismiss Standards**

The defendants have moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the

PJG

plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.     Subject Matter Jurisdiction**

The defendants first argue that the court lacks subject matter jurisdiction over Porterfield's claims because Porterfield's Complaint "does not specifically mention 42 U.S.C. §1983 (or any other federal statute), and [Porterfield] does not specifically allege that any of his constitutional rights were violated." (Defs.' Mem. Summ. J. at 3, ECF No. 18-1 at 3.) The defendants further contend that Porterfield has failed to allege any injury or damages as a result of the alleged conduct. (Id.)

*Pro se* complaints are entitled to liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberally construed, Porterfield's Complaint raises a claim for retaliation for the exercise

of his right to access the courts, which states a claim. See Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). Therefore, the court finds that jurisdiction over this matter is proper.

**C.     Exhaustion of Administrative Remedies**

The defendants also contend that this matter should be dismissed because Porterfield has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to SCDC policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with

designated prison staff.  If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance."

It is undisputed that Porterfield has not exhausted his administrative remedies with regard to any of the allegations in his Complaint.  Porterfield's Complaint mentions that a grievance was filed on January 7, 2010 and Porterfield acknowledges that he has not received a final agency decision on this matter.  Moreover, the majority of Porterfield's Complaint deals with occurrences that took place after January 2010.  Porterfield states that his only attempt at exhausting his remedies with regard to those claims was by filing a Step One grievance on January 7, 2010, which was returned unprocessed based on the fact that there was not an officer with the last name of "Lenney" employed at PCI.  Porterfield took no further action regarding that grievance; rather, he filed the instant action.

Not only must Porterfield use all the steps that are available to him to exhaust his administrative remedies, but he also must do them properly.  See Woodford, 548 U.S. at 81.  Porterfield has not properly exhausted all the steps available to him at SCDC.  Porterfield does not dispute that he did not seek any other administrative action regarding his complaints; for example, Porterfield did not challenge the grievance coordinator's decision to return the grievance unprocessed by filing a Step Two grievance or attempt to resubmit his Step One properly identifying Defendant Lindsey.  Therefore, the court recommends that this matter be dismissed based on Porterfield's failure to exhaust his administrative remedies.

**D.     Retaliation**

Alternatively, the defendants contend that Porterfield's allegations fail to state a claim upon which relief can be granted and therefore should be dismissed.  As stated above, Porterfield argues

that defendants have retaliated against him for filing multiple complaints within SCDC and for filing Civil Action No. 9:02-1070-HMH.

To state a claim for retaliation under § 1983, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id. at 74. An inmate must allege facts showing that his exercise of a constitutionally protected right was a substantial factor motivating the retaliatory action. See, e.g., Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996); Hughes v. Bledsoe, 48 F.3d 1376, 1387 n.11 (4th Cir. 1995). An inmate must also allege facts showing that he "suffered some adversity in response to [his] exercise of [constitutionally] protected rights." Am. Civil Liberties Union of Maryland, Inc. v. Wicomico Cty., Md., 999 F.2d 780, 785 (4th Cir. 1993). Further, claims of retaliation by inmates are generally regarded with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Cochran, 73 F.3d at 1317; Adams, 40 F.3d at 74.

In this case, Porterfield's allegations fail to state a claim of retaliation. To the extent that Porterfield alleges that he was subjected to retaliatory actions for filing grievances and complaining to staff, inmates have no constitutionally protected right to a grievance or complaint system. See Adams, 40 F.3d at 75. To the extent that Porterfield's arguments contend that the retaliatory conduct was the result of filing a civil action with the court, Porterfield has failed to assert facts showing that the alleged retaliatory actions taken by the defendants violated a constitutional right.

Porterfield's allegations of verbal abuse also fail to present a constitutional violation. The use of profane language, verbals taunts, and verbal threats—without any action supporting the credibility of the threat—do not infringe on a constitutional right. See McBride v. Deer, 240 F.3d

*PJG*

1287, 1291, n.3 (10th Cir. 2001) (stating that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (stating that verbal threats causing fear for a plaintiff's life is not an infringement of a constitutional right); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (*per curiam*) ("Verbal harassment or abuse of the sort alleged in this case [i.e., the sheriff refusing to mail certain legal correspondence for a prisoner and threatening to hang him] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."); Henslee v. Lewis, 153 Fed. Appx. 178, 180 (4th Cir. 2005) (unpublished) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983") (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); cf. Hudspeth v. Figgins, 584 F.2d 1345 (4th Cir. 1978) (holding that allegations that a guard threatened to have an inmate killed because he had a suit pending combined with the carrying out of a threat to have the prisoner transferred from unsupervised work detail to supervised work detail was sufficient to state a claim under § 1983). Further, an inmate does not have a constitutional right to be free from searches in his cell. See Hudson v. Palmer, 468 U.S. 517 (1984).

Additionally, the United States Court of Appeals for the Fourth Circuit has made clear that a prisoner claiming retaliation for filing a civil suit must allege sufficient facts to indicate that the alleged retaliation resulted in some adverse impact to his right of access to the courts. See Am. Civil Liberties Union of Maryland, Inc., 999 F.2d at 785; Talbert v. Hinkle, 961 F. Supp. 904, 911 (E.D. Va. 1997); see also Cochran, 73 F.3d at 1317 (finding that an inmate must "identify actual injury resulting from official conduct," and "trivial claims of deprivation" are not actionable). Porterfield has not done so here. There is no allegation that Porterfield has suffered any adversity as required to establish a claim for retaliation under the First Amendment or that the threats were intended to

*PJG*

intimidate Porterfield from exercising his right to access to the court. Cf. Hudspeth, 584 F.2d at 1348 (indicating that a prisoner may state a claim of denial of access to courts if the threats were intended to intimidate the inmate from exercising that right). Accordingly, taking all of the facts in Porterfield's Complaint as true, he has failed to state a claim for retaliation against the defendants and therefore this matter must be dismissed.

**E.      Other Allegations**

To the extent that Porterfield's Complaint may be construed to allege any other constitutional violations, in addition to failing to exhaust such a claim, the court finds that Porterfield has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). Further, to the extent that Porterfield's Complaint could be construed to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c).

### RECOMMENDATION

Based on the foregoing, the court recommends that the defendants' motion to dismiss (ECF No. 18) be granted and that the plaintiff's motion for a temporary restraining order (ECF No. 13) be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 15, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).